ORIGINAL

JOHN HARRIS PAER    #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 04 2008

at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT H. BRADFORD,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHASE BANK USA, N.A., UNITED COLLECTION BUREAU, INC. and TRILEGIANT CORPORATION dba TLG AUTOVANTAGE,<br><br>    Defendants. | CIVIL NO. CV08-00263 DAE KSC<br><br>COMPLAINT; EXHIBITS "A-C"; SUMMONS |

COMPLAINT

COMES NOW Plaintiff, by and through his undersigned attorney and alleges as follows:

INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Truth in Lending Act", 15 U.S.C. §1601 et seq., and under the "Fair Debt Collection Practices Act", 15 U.S.C. §1692 et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of those Acts. Plaintiff's claim arises out of Defendant's improper charges and disclosures.

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), §1692k, and 28 U.S.C. Sections 1331 and 1337. The supplemental jurisdiction of this Court is invoked over Count III of the Complaint, which arises under state law. Jurisdiction of the state claims is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

PARTIES

3. Plaintiff is a natural person and is a resident of the State of Hawaii.

4. Defendant Chase Bank USA, N.A. (hereinafter "Chase") is a national bank doing business in the State of Hawaii, and is subject to the jurisdiction of this Court.

5. Defendant United Collection Bureau, Inc. (hereinafter "UCB") is a corporation, a collection agency and debt collector, and is doing business in the State of Hawaii, and is subject to the jurisdiction of this Court.

6. Defendant Trilegiant Corporation dba TLG Automotive (hereinafter "TLG") is a corporation doing business in the State of Hawaii, and is subject to the jurisdiction of this Court.

FACTS

7. Within the year prior to the filing of this action, Defendant Chase, in the ordinary course of business, regularly extended credit to its consumer customers for which a finance charge was imposed.

8. Defendant Chase has extended credit to Plaintiff through its credit card, which was used primarily for personal, family, or household purposes.

9. Within the year prior to the filing of this action, Defendant UCB, in the ordinary course of business, regularly engaged in the business of collecting debts from third parties and has attempted to collect an alleged debt from Plaintiff.

10. On or about July 19, 2007, TLG improperly and without authorization, charged to Plaintiff's Chase credit card account the amount of $179.00.

11. TLG has engaged in a pattern and practice of charging unauthorized amounts to credit cards of numerous persons nationwide. Several reports of such activity are attached hereto as Exhibit "B".

12. On or about July 26, 2007, Defendant Chase sent its periodic disclosure statement to Plaintiff. A true copy of that statement is attached hereto as Exhibit "A".

13. Each month thereafter, Defendant Chase sent periodic statements to Plaintiff with improper finance charges and late charges such that the claimed amount increased to well over double the amount of the original fraudulent charge in less than 8 months.

14. On or about March 10, 2008, Defendant UCB sent its first collection letter to Plaintiff demanding the sum of $474.07. A true copy of that letter is attached hereto as Exhibit "B".

15. On or about March 19, 2008, Plaintiff's counsel sent a letter to UCB disputing the debt and requesting copies of all signed authorization documents for the account. A true copy of that letter is attached hereto as Exhibit "C".

16. On or about April 3, 2008, UCB sent its response to Plaintiff's counsel, but did not attach any document signed by Plaintiff.

17. Plaintiff has suffered damage as a result of Defendants' charges, demands and disclosures.

## COUNT I - TRUTH IN LENDING

18. Plaintiff realleges and incorporates paragraphs 1 through 17 of this Complaint.

19. Defendant has violated the Truth in Lending Act by failing to properly disclose and/or by disclosing in a misleading and confusing manner and/or by failing to disclose more conspicuously than other required information:

    (a) the Annual Percentage Rate, and

    (b) the Finance Charge.

## COUNT II - FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff realleges and incorporates paragraphs 1 through 19 of this Complaint.

21. Within the year prior to the filing of this action, UCB has been attempting on behalf of a third party to collect an alleged debt from Plaintiff.

22. UCB has violated the Fair Debt Collection Practices Act in the following ways:

    (a) Defendant has used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

    (b) Defendant has used unfair means to collect and to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

    (c) Defendant has not sent to Plaintiff the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

## COUNT III - UNFAIR AND DECEPTIVE ACTS AND PRACTICES

23. Plaintiff realleges and incorporates paragraphs 1 through 22 of this Complaint.

24. Defendants have violated Chapter 480 of the Hawaii Revised Statutes as alleged above.

25. Defendants' violations of the Truth in Lending Act and the Fair Debt Collection Practices Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

26. All Defendants' representations, charges, demands and disclosures, as above described, were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

27. Plaintiff has suffered injury to his property in an amount to be proved at trial, by reason of Defendants' violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I:

1. Award Plaintiff his actual damages as will be proved at trial;

2. Award Plaintiff statutory damages of twice the finance charge;

AS TO COUNT II:

3. Award Plaintiff his actual damages as will be proved at trial;

4. Award Plaintiff statutory damages of $1000.00;

AS TO COUNT III:

5. Award Plaintiff damages in the amount of three times the injury to his property, but not less than $1000.00;

<u>AS TO ALL COUNTS</u>

6. Award Plaintiff reasonable attorneys fees and costs;

7. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, June 2, 2008.

_____
JOHN HARRIS PAER
Attorney for Plaintiff